IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JIANMIN CHEN,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-333**    (Cir. Ct. of Greenbrier Cnty. No. CC-13-2022-C-AP-9)

**WHITE ROCK MOUNTAIN RETREAT,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jianmin Chen appeals the June 28, 2023, Final Judgment Order of the Circuit Court of Greenbrier County which affirmed the judgment of the Magistrate Court of Greenbrier County against petitioner and in favor of respondent, White Rock Mountain Retreat, for past due homeowners' association ("HOA") assessments. Respondent filed a timely response.[1] Mr. Chen filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Chen is the owner of Lot No. 105 Withrow Landing, a 1.312-acre lot of unimproved land in the Common Interest Community known as White Rock Mountain Retreat ("Retreat") in Caldwell, Greenbrier County, West Virginia. The Retreat has a homeowners' association ("HOA") which manages the common elements and obligations of the property owners in the Retreat, and which levies annual assessments against the lot owners. All property owners of the Retreat, including Mr. Chen, are members of the HOA. The HOA uses the funds generated by the annual assessments for maintenance of the Retreat's private roads, snow removal, trash services, and operation of the community clubhouse and swimming pool, among other services. The HOA contends that Mr. Chen owes back payments for certain annual assessments. Mr. Chen denies that he is liable for the assessments because his lot is unimproved.

---

[1] Petitioner is self-represented. Respondent is represented by Daniel T. Booth, Esq.

On July 25, 2022, the Retreat filed a civil complaint against Mr. Chen in the Magistrate Court of Greenbrier County for unpaid assessments from years 2019-2021 totaling $4,500.00 plus $2,044.21 interest and $1,795.50 in attorney fees. On October 13, 2022, the magistrate court conducted a bench trial and ruled in favor of the Retreat. Mr. Chen appealed the ruling to the Circuit Court of Greenbrier County.

On June 14, 2023, the Circuit Court of Greenbrier County held a de novo trial on the case. The court took judicial notice of the Deed to Lot No. 105, which indicates that the property is subject to a *Declaration of Covenants, Restrictions, Easements, Reservations, Terms and Conditions Governing White Rock Mountain Retreat, Planned Community* ("Covenants"). Article IV of the Covenants describes the parameters of membership in the HOA and the assessments, in pertinent part, as follows:

Section 1. Membership in the Association. Every Owner of a Lot shall be a member of the Association and bound by this Declaration, the Articles of Incorporation of the Association and its Bylaws and rules and regulations as hereafter promulgated. Membership shall be appurtenant to and may not be separated from ownership of any Lot.

Section 3. Creation of the Lien and Personal Obligation Assessments. Each and every Owner of a Lot by acceptance of a deed therefore, whether or not it is so expressed in such deed, is deemed to covenant and agree to pay the Association: (1) annual assessments or charges, and (2) special assessments for capital improvements, such assessments to be established and collected as hereinafter provided and as stated in the Bylaws. All such annual and special assessments, together with interest, costs and reasonable attorney's fees for the collection thereof shall be a charge and lien upon a Lot and its improvements. The amount owed shall be a continuing lien upon the applicable property against which such assessment is made, prior to all other liens except only (i) real estate taxes and other governmental assessments or charges against the Lot and (ii) liens and encumbrances recorded before the recordation of the Declaration.

Each such assessment, together with interest, costs, and reasonable attorney's fees for the collection thereof, shall also be a personal financial obligation of the person, or persons, who was, or were, the Lot owner or owners at the time when the assessments became due. The personal financial obligation for delinquent assessments shall not pass to successors in title to any such Lot unless expressly assumed by such purchaser: PROVIDED, HOWEVER, the same shall be and remain a charge and lien upon any such Lot and improvements until paid or otherwise satisfied except as may herein otherwise be provided.

2

Section 4. Purpose of Assessments. The assessments levied by the Association shall be used for the purposes in keeping with a nonprofit corporation as set forth in the Association's Articles of Incorporation. Specifically, the assessments shall be used to promote the health, safety and welfare of the Owners and residents of White Rock Mountain Retreat and for the improvements, maintenance and repair of the Common Elements, and easements appurtenant thereto, for the protection of the community from pollution or erosion, for the enforcement of these covenants; the provision of reserve funds, the employment of attorneys, accounts, and other professionals to represent the Association, when necessary, and for payment of local taxes, insurance and special governmental assessments on or to the Common Elements together with payments of services, if any, provided to the residents by the Association.

The Covenants define a "Lot" as a physical portion of the Retreat for separate ownership or occupancy by an owner. While the definition describes how a lot may be deemed "Improved" when a residence has been constructed thereon and an occupancy permit has been issued, it makes no distinction between "Improved" and "Unimproved" with regard to the annual assessments. Similarly, the By-Laws of the HOA, which are recorded with the Covenants, provide that each owner is personally liable for an assessment, as determined by the HOA's Board at its discretion. The By-Laws also make no distinction between improved or unimproved property in determining those assessments.

The circuit court also heard the testimony of an HOA representative who stated that the assessment for calendar years 2019, 2020, and 2021 was $1,500.00 per lot annually, due and owing on January 1 each year, and that Mr. Chen had failed to pay the assessment for each of those years. He further testified that the assessment was the same for each lot, regardless of whether it was improved or unimproved, or whether it was occupied or empty. He testified that Mr. Chen made no payments after the magistrate court judgment was entered and that Mr. Chen still owed $4,500.00 for 2019-2021, plus, per the By-Laws, interest at eighteen percent per annum, which was calculated at the time of the magistrate court case to be $2,044.21, and collection costs, including reasonable attorney fees, which were calculated to be $1,795.50. The total amount determined by the magistrate court was $8,339.71.

The circuit court concluded that the HOA established that it had the right to determine an annual assessment for the owners, payable by all owners, regardless of the use or occupancy of their property, and that delinquent assessments are subject to interest at eighteen percent per annum plus reasonable attorney fees. The court further concluded that Mr. Chen owed $8,339.71, plus post-judgment statutory interest from October 13, 2022, at four percent per annum, until satisfied, plus costs of $95.00, and any post-judgment costs permitted. It is from that ruling that Mr. Chen appeals herein.

3

Our standard of review for a judgment order entered after a bench trial is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

Mr. Chen raises two assignments of error on appeal. First, he argues that the circuit court erred by enforcing the HOA's assessment practice which is not compliant with West Virginia Code § 36B-3-115(c)(2) (1986), which provides,

> **§ 36B-3-115. Assessments for common expenses.**
> . . .
> (c) To the extent required by the declaration:
> . . .
> (2) Any common expense or portion thereof benefiting fewer than all of the units must be assessed exclusively against the units benefited; . . .

Mr. Chen asserts that this code section requires the HOA to make separate assessments for improved lots and unimproved lots because the improved lots derive a greater benefit from the community's amenities than the unimproved lots. Because Mr. Chen has an unimproved lot, he argues he is subject to an unfair and inequitable assessment. Instead, the owners of improved lots should bear a greater share of the operational expenses of the community amenities he alleges only they can use, such as the clubhouse and pool. He claims the owners of improved lots are unjustly enriched by unimproved lot owners paying for the amenities they cannot use. We disagree.

The pertinent deed indicates that Mr. Chen's property is subject to the Covenants. The Covenants (and its incorporated HOA By-Laws) also govern the HOA. The Covenants do not distinguish between improved and unimproved lots for the purpose of making assessments. Article IV of the Covenants specifically states that each and every owner of a lot is deemed to covenant and agree to pay annual assessments. There is no exception for owners of unimproved lots. Moreover, there is no evidence in the record that Mr. Chen demonstrated that any of the common expenses included in his assessment did not benefit his unimproved lot. West Virginia Code § 36B-3-115(c)(2) only requires some differentiation between assessments where the applicable declaration of covenants requires it, and the Covenants herein do not express any such differentiation. Accordingly,

4

Mr. Chen has failed to provide any cognizable evidence to support his argument that he does not owe the 2019-2021 assessments.

For his second assignment of error, Mr. Chen argues broadly that the circuit court erred by enforcing the assessments because the HOA's assessment procedure is unconscionable. However, Mr. Chen did not raise this legal argument below and so it will not be considered for the first time on appeal. As our Supreme Court of Appeals has stated, "[i]ndeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal. We have invoked this principle with a near religious fervor." *State v. Miller*, 197 W. Va. 588, 597, 476 S.E.2d 535, 544 (1996).

Accordingly, finding no error or abuse of discretion in the circuit court's June 28, 2023, Final Judgment Order, we hereby affirm.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear